Wagg v. Stacy, 186 Ill. App. 109.

3.   JUDGMENT, § 187*—*when judgment against "the defendant" in action against two defendants cannot be sustained.*  In an action of tort against two defendants, tried by the court without a jury, where the finding of the court as recorded is against "the defendant," without naming him, a judgment on such finding cannot be sustained, since it is uncertain which one of the defendants was found guilty and against which one the judgment was rendered.

---

## Howard N. Wagg, Plaintiff in Error, v. Hobert A. Stacy, Defendant in Error.

### Gen. No. 19,215.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1913.  Affirmed.  Opinion filed April 23, 1914.

### Statement of the Case.

Action by Howard N. Wagg against Hobert A. Stacy and Mrs. Hobert A. Stacy, his wife, to recover an amount claimed to be due on two promissory notes, a copy of one of which notes is as follows:

"$300.                              Chicago, June 8, 1896.

On or before Oct. 15, 1896, after date we promise to pay to the order of Howard N. Wagg three hundred dollars, at Chicago.  Value received with interest at seven per cent. per annum.

C. P. STACY,
HOBERT A. STACY,
FRANCES H. STACY."

The other note was of the same date, for the same amount and similarly signed.  On the back of each note appeared the following: "August 21, 1902.  Received on the within note twenty-five dollars ($25)."  The defense of Mrs. Stacy was that she was not a co-maker of either of the notes and the suit was dismissed as to her.  The defense of Hobert A. Stacy was that the cause of action was barred by the statute of limita-

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

tions. The trial court found the issues against the plaintiff and entered judgment against him for costs. To reverse the judgment, plaintiff brings error.

CHARLES G. ROSE, for plaintiff in error.

SIMS, WELCH & GODMAN, for defendant in error; EL-WOOD G. GODMAN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

LIMITATION OF ACTIONS, § 90*—*when part payment on note by comaker does not toll the statute of limitations.* In an action against one of the makers on a promisory note where the statute of limitations was interposed as a defense under section 16, ch. 83, Hurd's R. S., J. & A. ¶ 7211, and plaintiff contended that a sum paid on the notes by a comaker with the defendant was subsequently acquiesced in and ratified by the defendant and that the statute started to run anew from that date, *held* that a judgment for defendant was not contrary to the evidence or to the law.

---

Joseph Studer, Appellee, v. Chicago, Lake Shore & South Bend Railway Company, Appellant.

Gen. No. 18,982. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed April 23, 1914. Rehearing denied May 7, 1914.

### Statement of the Case.

Action by Joseph Studer against Chicago, Lake Shore & South Bend Railway Company to recover for

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.